**COMMISSIONER OF INTERNAL REVENUE v. BULLOCK'S.**

**BULLOCK'S v. COMMISSIONER OF INTERNAL REVENUE.**

No. 7881.

Circuit Court of Appeals, Ninth Circuit.

Feb. 19, 1936.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, John G. Remey, and Arnold Raum, Sp. Assts. to Atty. Gen., for the Commissioner.

Thomas R. Dempsey and A. Calder Mackay, both of Los Angeles, Cal., for Bullock's.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

The Commissioner of Internal Revenue determined deficiencies in the income taxes paid by Bullock's, a corporation (hereinafter referred to as the taxpayer), for its fiscal years ending January 31, 1925, and January 31, 1927. For brevity's sake, these fiscal years are hereinafter referred to as 1925 and 1927; the phrase "fiscal year ending January 31" being omitted. A deficiency notice was given on April 12, 1929. Thereafter, on the taxpayer's petition, the deficiencies were redetermined by the Board of Tax Appeals. As redetermined, the deficiency for 1925 was $2,886.65, and that for 1927 was $4,126.41. Both parties have petitioned this court for review. The taxpayer's petition relates to the deficiency for 1925, the Commissioner's to that for 1927.

The taxpayer's return for 1925 was filed on April 15, 1925. The deficiency notice having been given more than three years thereafter, the taxpayer contends, and the Commissioner now concedes, that the 1925 deficiency was and is barred by the limitation prescribed in section 277 (a) (1) of the Revenue Act of 1926, c. 27, 44 Stat. 58, 26 U.S.C.A. § 275 (a) and note. As to that deficiency, therefore, the decision must be reversed.

In its return for 1927 the taxpayer claimed certain deductions which the Commissioner disallowed. This action of the Commissioner was upheld by the Board and is not here questioned. In addition, however, to the disallowance of these deductions, the Commissioner further "adjusted" the taxpayer's reported income by adding thereto the sum of $119,982.09. This, the Board held, was improper. The Commissioner's appeal relates to this item alone. The facts concerning it were stipulated and are not in dispute. Briefly summarized, they are as follows:

The taxpayer operates a department store in Los Angeles, Cal., and derives its income from the purchase and sale of goods. It pays cash for goods purchased by it and, for paying cash, is allowed the customary discounts.

At the beginning of 1927 the taxpayer had on hand goods theretofore purchased by it, the actual cost of which, excluding all discounts, was $3,053,637. This, their actual cost, was also the inventory value of these goods, as shown by the taxpayer's closing inventory for 1926. Discounts which had been allowed on the invoice price

of these goods amounted to $119,982.09. The taxpayer had not theretofore treated discounts as constituting any part of the cost of goods purchased by it and, in taking inventories, had not included discounts as a part of their value, but did so treat and include such discounts in 1927 and subsequent years. Accordingly, at the beginning of 1927, the taxpayer adjusted its inventory of goods then on hand by including discounts as a part of their value, thus giving these goods an adjusted inventory value of $3,173,619.09. This adjusted inventory was adopted by the taxpayer as its opening inventory for 1927.

In 1927 the taxpayer purchased other goods, the actual cost of which, excluding all discounts, was $14,111,502. Discounts allowed on the invoice price of these goods amounted to $603,782.53. The taxpayer's books showed the cost of these goods to be their actual cost, plus discounts, being a total of $14,715,284.53.

At the end of 1927 the taxpayer had on hand, unsold, goods which, excluding all discounts, had actually cost $3,038,672.29. Discounts which had been allowed on the invoice price of these goods amounted to $123,119.71. The inventory value of these goods, as shown by the taxpayer's closing inventory for 1927, was their actual cost, plus discounts, being a total of $3,161,799.

In the taxpayer's return for 1927 the cost of goods sold by it during that year was reported to be $14,727,104.62. This cost basis was arrived at by adding the inventory value of goods which the taxpayer had on hand at the beginning of 1927, as shown by its opening inventory, to the cost of goods purchased in 1927, as shown by its books, and deducting the inventory value of goods remaining unsold at the end of 1927, as shown by its closing inventory.

The method employed was proper and would have yielded a correct result, if inventory values and the cost of goods purchased in 1927 had been correctly shown. They were not. The cost of goods purchased by the taxpayer in 1927, as shown by its books, included discounts to the amount of $603,782.53, which, in fact, constituted no part of such cost. In the same return, however, these discounts were reported as "gross profit from operations other than trading or manufacturing," which, of course, they were not. As cost or as profit, the item of $603,782.53 was wholly fictitious. In reporting it as both cost and profit, the taxpayer erred twice. The two errors offset and neutralize each other, however, and are not complained of.

The inventory value of goods which the taxpayer had on hand at the beginning of 1927, as shown by its opening inventory, included discounts to the amount of $119,982.09. The inventory value of goods remaining unsold at the end of 1927, as shown by its closing inventory, included discounts to the amount of $123,119.71. The Commissioner contends that the inclusion of discounts in the opening inventory was erroneous and improper. It was, but their inclusion in the closing inventory was also erroneous and improper. Since the discounts included in the closing inventory exceeded those included in the opening inventory, the first error was more than offset by the second, the net result being that the cost of goods sold by the taxpayer was understated, and its gross income overstated, by $3,137.62. Of this the taxpayer does not, and the Commissioner cannot, complain.

The Board's decision, so far as it relates to the alleged deficiency for the fiscal year ending January 31, 1925, is reversed. In all other respects, the decision is affirmed.